IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

RICHARD JOE SAUNDERS, JR.,

    Petitioner,

v.    No. 24-cv-0200-MV-JMR

CPD,

    Respondent.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Richard Joe Saunders, Jr.'s Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 (Doc. 1) (Petition). Petitioner challenges his pretrial detention in connection with state Case No. M-17-VM-2024-00018. Having reviewed the matter *sua sponte* under Habeas Corpus Rule 4, the Court will require Petitioner to show cause why the Petition should not be dismissed without prejudice for failure to exhaust state remedies.

### BACKGROUND[1]

In January of 2024, state authorities arrested Petitioner for allegedly violating a restraining order. *See* Criminal Complaint in Case No. M-17-VM-2024-00018. Petitioner pled no contest to that charge and entered into a plea agreement, which contemplates a sentence of 364 days in jail. *See* Plea and Disposition Agreement in Case No. M-17-VM-2024-00018. By a Judgment entered March 15, 2024, the Court accepted the plea agreement but suspended 315 days of the sentence.

---

[1] The background facts are taken from the Petition and the state criminal docket cited in the Petition, Case No. M-17-VM-2024-00018. The state criminal docket is subject to judicial notice. *Mitchell v. Dowling,* 672 F. App'x 792, 794 (10th Cir. 2016) (Habeas courts may take "judicial notice of the state-court docket sheet").

*See* Judgment and Sentence in Case No. M-17-VM-2024-00018.  The state docket reflects that Petitioner did not appeal the Judgment.  *See* Docket Sheet in Case No. M-17-VM-2024-00018.

Petitioner filed the instant § 2241 proceeding on February 28, 2024.  *See* Doc. 1.  Construed liberally, the Petition appears to allege that Petitioner lives with his wife and was therefore not violating her restraining order.  *Id.* at 2.  The Petition also alleges that Petitioner's wife left him on the day of his cardiology appointment, which is "cruel and unusual punishment," Petitioner had no other place to go when he was arrested, and he now cannot return home to his wife.  *Id.* at 6-7.  In the request for relief, Petitioner seeks a release from jail and an order allowing him to return to the marital home.  Petitioner filed a Motion to Proceed *In Forma Pauperis* (Doc. 2) (Motion) along with the Petition, which reflects that he cannot afford to prepay the habeas filing fee.  The Court will grant the Motion and review the Petition under Habeas Corpus Rule 4.

## DISCUSSION

Habeas Corpus Rule[2] 4 requires a *sua sponte* review of habeas petitions.  Courts review each claim under Habeas Corpus Rule 4 to determine whether the petitioner's detention violates federal law.  *See* 28 U.S.C. § 2241(c)(3).  Even if there is a potential violation, "a habeas petitioner is generally required to exhaust state remedies" before obtaining relief "under § 2241." *Montez v. McKinna*, 208 F.3d 862, 866 (10th Cir. 2000).  "The exhaustion requirement is satisfied if the federal issue has been properly presented to the highest state court, either by direct review of the conviction or in a postconviction attack." *Dever v. Kansas State Penitentiary*, 36 F.3d 1531, 1534

---

[2] "Habeas Corpus Rule" refers to the Rules Governing Section 2254 Cases in the United States District Courts.  The Court, in its discretion, applies those rules to the § 2241 petition.  *See* Habeas Corpus Rule 1(b) ("The district court may apply any or all of these rules to [other types of] habeas corpus petitions"); *Boutwell v. Keating*, 399 F.3d 1203, 1211 n. 2 (10th Cir. 2005) (citing Rule 1(b), and holding the district court acted within its discretion by applying § 2254 Rules to a § 2241 petition).

2

(10th Cir. 1994). Proper presentation "requires that the petitioner raise in state court the 'substance' of his federal claims." *Williams v. Trammell*, 782 F.3d 1184, 1210 (10th Cir. 2015). "The exhaustion requirement can only be excused in the "absence of available State corrective process or because circumstances exist that render such process ineffective to protect the rights of the applicant." *Magar v. Parker*, 490 F.3d 816, 818 (10th Cir. 2007).

The Petition and associated state docket sheet clearly reflect that Petitioner did not present his federal claims to the New Mexico Supreme Court. In the section of the Petition addressing prior challenges/appeals, Petitioner states: "Have not gone to court." Doc. 1 at 2. The Secured Odyssey Public Access (SOPA) system, which tracks all New Mexico trial court and appellate filings, confirms the failure to exhaust. *See* https://securecourtcaseaccess.nmcourts.gov/. The SOPA system reflects that Petitioner has not filed any New Mexico appeals in connection with Case No. M-17-VM-2024-00018.

For these reasons, the Court will require Petitioner to show cause why his § 2241 Petition should not be dismissed without prejudice for failing to exhaust state remedies. The show-cause response is due within seventy-five (75) days of entry of this ruling. If Petitioner concedes the failure to exhaust and/or is already out of custody, he need not respond to this ruling. The failure to timely respond and overcome the exhaustion requirement may result in dismissal without prejudice, and Petitioner may refile his claims after exhausting his state court remedies.

Petitioner is finally advised that if he wishes to start the exhaustion process, he should file a state habeas petition in Case No. M-17-VM-2024-00018. The state court likely cannot intervene in a domestic separation between Petitioner and his wife, but it can rule on whether the plea was voluntary, whether the criminal Judgment is constitutional, etc.

**IT IS ORDERED** that within seventy-five (75) days of entry of this Order, Petitioner must show cause in writing why his § 2241 Petition should not be dismissed without prejudice for failure to exhaust state remedies.

_____
HONORABLE MARTHA VÁZQUEZ
SENIOR UNITED STATES DISTRICT JUDGE