**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

RICHARD JOE SAUNDERS, JR.,

     Petitioner,

v.                                           No. 24-cv-0200-MV-JMR

CPD,

     Respondent.

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Richard Joe Saunders, Jr.'s Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 (Doc. 1) ("Petition").  Petitioner challenges his pretrial detention in connection with state Case No. M-17-VM-2024-00018.  The Court previously directed Petitioner to show cause why this case should not be summarily dismissed for failure to exhaust state remedies.  Because Petitioner failed to respond, and having reviewed the state record to confirm the failure to exhaust, the Court will dismiss the Petition without prejudice to refiling once the exhaustion process is complete.

**BACKGROUND**[1]

In January of 2024, state authorities arrested Petitioner for allegedly violating a restraining order.  *See* Criminal Complaint in Case No. M-17-VM-2024-00018.  Petitioner pled no contest to that charge and entered into a plea agreement, which contemplates a sentence of 364 days in jail.

---

[1] The background facts are taken from the Petition and the state criminal docket cited in the Petition, Case No. M-17-VM-2024-00018.  The state criminal docket is subject to judicial notice.  *Mitchell v. Dowling,* 672 F. App'x 792, 794 (10th Cir. 2016) (Habeas courts may take "judicial notice of the state-court docket sheet").

*See* Plea and Disposition Agreement in Case No. M-17-VM-2024-00018.  By a Judgment entered March 15, 2024, the Court accepted the plea agreement but suspended 315 days of the sentence. *See* Judgment and Sentence in Case No. M-17-VM-2024-00018.  The state docket reflects that Petitioner did not appeal the Judgment.  *See* Docket Sheet in Case No. M-17-VM-2024-00018.

Petitioner filed the instant § 2241 proceeding on February 28, 2024.  *See* Doc. 1.  Construed liberally, the Petition appears to allege that Petitioner lives with his wife and was therefore not violating her restraining order.  *Id.* at 2.  The Petition also alleges that Petitioner's wife left him on the day of his cardiology appointment, which is "cruel and unusual punishment;" Petitioner had no other place to go when he was arrested; and he now cannot return home to his wife.  *Id.* at 6-7.  In the request for relief, Petitioner seeks a release from jail and an order allowing him to return to the marital home.

By a Memorandum Opinion and Order entered January 13, 2025, the Court screened the Petition and determined that Petitioner failed to exhaust state remedies before seeking federal relief. *See* Doc. 3 (Screening Ruling).  Petitioner was permitted to file a response by March 31, 2025 showing cause, if any, why the Petition should not be dismissed without prejudice to refiling after the exhaustion process is complete.  The Screening Ruling warns that the failure to timely respond/overcome the exhaustion requirement may result in dismissal without further notice. Petitioner did not respond to the Screening Ruling, which was returned as undeliverable following his release from jail.  *See* Doc. 4.  The Court will therefore summarize the exhaustion defect before dismissing the Petition.

**DISCUSSION**

Habeas Corpus Rule[2] 4 requires a *sua sponte* review of habeas petitions. Courts review each claim under Habeas Corpus Rule 4 to determine whether the petitioner's detention violates federal law. *See* 28 U.S.C. § 2241(c)(3). Even if there is a potential violation, "a habeas petitioner is generally required to exhaust state remedies" before obtaining relief "under § 2241." *Montez v. McKinna*, 208 F.3d 862, 866 (10th Cir. 2000). "The exhaustion requirement is satisfied if the federal issue has been properly presented to the highest state court, either by direct review of the conviction or in a postconviction attack." *Dever v. Kansas State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994). Proper presentation "requires that the petitioner raise in state court the 'substance' of his federal claims." *Williams v. Trammell*, 782 F.3d 1184, 1210 (10th Cir. 2015). "The exhaustion requirement can only be excused in the "absence of available State corrective process or because circumstances exist that render such process ineffective to protect the rights of the applicant." *Magar v. Parker*, 490 F.3d 816, 818 (10th Cir. 2007).

As the Screening Ruling explains, the Petition and associated state docket sheet clearly reflect that Petitioner did not present his federal claims to the New Mexico Supreme Court. In the section of the Petition addressing prior challenges/appeals, Petitioner states: "Have not gone to court." Doc. 1 at 2. The Secured Odyssey Public Access ("SOPA") system, which tracks all New Mexico trial court and appellate filings, confirms the failure to exhaust. *See* https://securecourtcaseaccess.nmcourts.gov/. The SOPA system reflects that Petitioner has not

---

[2]     "Habeas Corpus Rule" refers to the Rules Governing Section 2254 Cases in the United States District Courts. The Court, in its discretion, applies those rules to the § 2241 petition. *See* Habeas Corpus Rule 1(b) ("The district court may apply any or all of these rules to [other types of] habeas corpus petitions"); *Boutwell v. Keating*, 399 F.3d 1203, 1211 n. 2 (10th Cir. 2005) (citing Rule 1(b), and holding the district court acted within its discretion by applying § 2254 Rules to a § 2241 petition).

filed any New Mexico appeals in connection with Case No. M-17-VM-2024-00018. The exhaustion requirement therefore has not been met in this case. For this reason, the Court will dismiss this case without prejudice. The Court also will deny a certificate of appealability under Habeas Rule 11, as this ruling is not reasonably debatable. If Petitioner is detained again in connection with the restraining order, he may refile his federal claims after completing the exhaustion process.

**IT IS ORDERED** that Richard Joe Saunders, Jr.'s Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 (**Doc. 1**) is **DISMISSED without prejudice**; a certificate of appealability is **DENIED**; and the Court will enter a separate judgment closing the civil habeas case.

_____
HONORABLE MARTHA VÁZQUEZ
SENIOR UNITED STATES DISTRICT JUDGE